UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80184-CIV

**MICHAEL C. McINTYRE** and
**CAROL G. McINTYRE,**

        Plaintiffs,

v.

**MARRIOTT INTERNATIONAL, INC., MARRIOTT OWNERSHIP RESORTS, INC.** and **MARRIOTT RESORTS TITLE COMPANY, INC.,**

        Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, Marriott International, Inc. ("Marriott"), Marriott Ownership Resorts, Inc. ("MORI") and Marriott Resorts Title Company, Inc. ("MRTC") (individually, "Defendant," and collectively, "Defendants"), by their attorneys and pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, hereby file this Notice of Removal from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Circuit Court") to the U.S. District Court for the Southern District of Florida. The grounds for removal are as follows:

## The Removed Case

1. On January 14, 2013, Plaintiffs commenced this action by filing their Class Action Complaint (the "Complaint") in the Circuit Court. The matter was assigned Case No. 50 2013 CA 000847 XXXXMB and is captioned <u>Michael C. McIntyre and Carol G. McIntyre v. Marriott International, Inc., Marriott Ownership Resorts, Inc. and Marriott Resorts Title Company, Inc.</u>

2. On January 22, 2013, Plaintiffs served their Summons and Complaint on each Defendant. The Civil Cover Sheet for this removal is attached as Exhibit 1. True and correct copies of the Summons served on Marriott, MORI and MRTC are attached as Exhibits 2, 3 and 4, respectively. A true and correct copy of the Complaint, as served on each Defendant, is attached as Exhibit 5. The following additional document has been filed with the Circuit Court: "Verified Motion for Admission to Appear *Pro Hac Vice* Pursuant to Florida Rule of Judicial Administration 2.510," attached as Exhibit 6. A proposed order granting the *Pro Hac Vice* motion, and transmitted by Plaintiffs to the Circuit Court, is attached as Exhibit 7. There have been no other process, pleadings or orders served upon Defendants.

3. In their Complaint, Plaintiffs allege that on March 3, 2009, they purchased "a timeshare interest at Oceana Palms - a MORI-owned condominium resort located in the State of Florida." (Complaint, ¶ 13). Upon closing, MORI conveyed title under a Special Warranty Deed to Plaintiffs. (<u>See id.</u>, ¶¶ 34-35 and Complaint, Exhibit B).

4. Plaintiffs allege that "Defendants require title insurance for each and every timeshare purchase" (Complaint, ¶ 3), and "required that Plaintiffs procure title insurance in order for Plaintiffs to purchase the Timeshare . . . ." (<u>Id.</u>, ¶ 29). Plaintiffs then contend that

-2-

"[g]iven the identical protections afforded by both the title insurance policy and the Special Warranty Deed, title insurance is in fact unnecessary when purchasing a MORI timeshare interest.  Rather, the policy is entirely useless to Plaintiffs and members of the Class." (Id., ¶ 38).

5. Plaintiffs assert claims against each Defendant, for:

   a. Alleged violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. (Count I);

   b. Alleged violation of the Florida Vacation Plan and Timesharing Act, Fla. Stat. § 721.01, et seq. (Count II); and

   c. Alleged unjust enrichment.  (Count III).

6. As alleged in the Complaint:

   a. "Plaintiffs and members of the class they seek to represent are all current or past owners of timeshare interests at MORI-owned timeshare properties in the State of Florida who, upon representations that title insurance was a necessary and required component of a timeshare purchase, obtained First American Title Insurance Company policies on their timeshare purchases through Marriott Title." (Complaint, ¶ 1).

   b. "Plaintiffs bring this class action on their behalf and on the behalf of all similarly situated MORI timeshare purchasers who, financed the purchase of a MORI timeshare interest in the State of Florida and who purchased title insurance on that timeshare interest from December 28, 2008 through the present."  (Id., ¶ 17).[1]

7. Plaintiffs, "on their own behalf and as representatives of the class, seek to recover compensatory damages in the amount of the purchase price of the title insurance policies purchased due to the Marriott Defendants' representations." (Id., ¶ 5).

---

[1] Defendants file this Notice of Removal based on the above allegations, but do not concede that certification of any class is proper or warranted.

-3-

8. This Court has original jurisdiction over this action pursuant to CAFA, and it may be removed under 28 U.S.C. §§ 1441(a), 1446 and 1453 in that the Complaint asserts a class action where the number of members of the proposed plaintiff class is 100 or more; diversity of citizenship exists between at least one member of the class of plaintiffs and one defendant; and, as pleaded, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## Removal is Timely

9. Removal is timely under 28 U.S.C. § 1446(b). This Notice of Removal is being filed within 30 days after service of the Summons and Complaint on Defendants.

## The Venue Requirement is Met

10. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the Circuit Court is located within this district and division.

## Each of the CAFA Jurisdictional Requirements is Met

### There are 100 or more putative class members

11. As demonstrated by the Declaration of Michael Harrington, attached as Exhibit 8, during the putative class period, MORI has sold both: (i) timeshare estates in resorts physically located in the state of Florida (the "Weeks Program"); and (ii) beneficial interests in the MVC Trust, a Florida land trust created pursuant to Fla. Stat. § 689.071, which beneficial interests constitute Florida timeshare estates and Florida real property interests (the "Points Program"). (Harrington Declaration, ¶ 4).

12. When defendants remove a case following their receipt of an initial pleading, they "may introduce their own affidavits, declarations, or other documentation" to demonstrate that the substantive jurisdictional requirements for removal are met. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010). See also Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 n.4 (11th Cir. 2010) ("the removing defendant may present additional evidence--business records and affidavits, for instance--to satisfy its jurisdictional burden").

13. As demonstrated by the Harrington Declaration, from December 28, 2008 through January 31, 2013, more than 100 individuals purchased timeshare estates from MORI under the Weeks Program and the Points Program. (Harrington Declaration, ¶ 6).

14. Accordingly, the instant action involves a putative class of at least 100 members.

## Diversity of Citizenship Exists

15. Under CAFA, diversity of citizenship exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. Defendants are, and were at the commencement of this action, citizens of Delaware, Maryland and/or Florida. Specifically:

   a. Marriott is and was a citizen of Delaware and Maryland. Marriott is and was a Delaware corporation with its principal place of business in Maryland. (See Complaint, ¶ 14).

   b. MORI is and was a citizen of Delaware and Florida. MORI is and was a Delaware corporation with its principal place of business in Florida. (Id., ¶ 15).

-5-

4835-3239-6306.5

    c. MRTC is and was a citizen of Florida. MRTC is and was a Florida corporation with its principal place of business in Florida. (<u>Id.</u>, ¶ 16).

17. Both at the commencement of this action, and at present, MORI had more than 30,000 mailing addresses – not in Delaware, Maryland or Florida – for purchasers of timeshare estates from MORI from December 28, 2008 through January 31, 2013 under the Weeks Program and the Points Program. (Harrington Declaration, ¶ 7). Accordingly, on information and belief, there are tens of thousands of members of the putative class who are not, and who were not at the commencement of this action, citizens of Delaware, Maryland or Florida.

18. Further, on information and belief, Plaintiffs themselves are, and were at the commencement of this action, citizens of New Jersey. (<u>See</u> Complaint, ¶ 13, stating that "Plaintiffs . . . are residents of New Jersey").

19. Accordingly, diversity of citizenship exists for purposes of removal under CAFA because members of the putative class of plaintiffs are citizens of a State different from any Defendant.

<u>The Amount in Controversy Requirement is Satisfied</u>

20. As stated above, Plaintiffs, "on their own behalf and as representatives of the class, seek to recover compensatory damages in the amount of the purchase price of the title insurance policies purchased due to the Marriott Defendants' representations." (Complaint, ¶ 5).

21. From December 28, 2008 through January 31, 2013, purchasers of timeshare estates from MORI under the Weeks Program and the Points Program paid

-7-

approximately $8,732,261.22 in premiums for title insurance policies.  (Harrington Declaration, ¶ 8).

22.     All of the title insurance policies described in the preceding paragraph were written by First American Title Insurance Company.  (Id., ¶ 9).

23.     Accordingly, the amount in controversy exceeds the jurisdictional threshold of $5,000,000, exclusive of interest and costs.

## Removal Procedures

24.     Pursuant to 28 U.S.C. § 1446(d), Defendants are serving this Notice of Removal upon Plaintiffs, and are filing a true and correct copy of the Notice of Removal with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

25.     Defendants file this Notice of Removal subject to and with full reservation of rights.  While Defendants take the facts alleged in the Complaint as true for purposes of removal, they are not thereafter barred from disputing the facts at issue.  No admission of fact, law or liability is intended by this Notice of Removal, and Defendants expressly reserve all defenses and motions.

-8-

**WHEREFORE,** having fulfilled the statutory requirements for the removal of this matter, Defendants hereby remove this action.

Dated:  February 20, 2013

Respectfully submitted,

**s/ Richard S. Davis**
Richard S. Davis
Florida Bar No. 991082
E-mail:  rdavis@foley.com
Andrea I. Gonzalez
Florida Bar No. 72530
E-mail:  agonzalez@foley.com
FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, Florida  33131
Telephone:     (305) 482-8414
Facsimile:      (305) 482-8600

*Attorneys for defendants Marriott International, Inc., Marriott Ownership Resorts, Inc. and Marriott Resorts Title Company, Inc.*

-9-

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served, by U.S. mail, on February 20, 2013 on all counsel or parties of record on the attached Service List.

                **s/ Richard S. Davis**
                Richard S. Davis
                Florida Bar No. 991082
                E-mail:  rdavis@foley.com
                FOLEY & LARDNER LLP
                One Biscayne Tower
                2 South Biscayne Boulevard
                Suite 1900
                Miami, Florida  33131
                Telephone:     (305) 482-8414
                Facsimile:      (305) 482-8600

-10-

**SERVICE LIST**
McIntyre v. Marriott International, Inc.
Case No. 13-80184-CIV
United States District Court, Southern District of Florida

J. Andrew Meyer
ameyer@forthepeople.com
Morgan & Morgan, P.A.
201 North Franklin Street
7th Floor
Tampa, Florida  33602
Telephone:	(813) 223-5505
Facsimile:	(813) 223-5402

*Attorneys for plaintiffs Michael C. McIntyre and Carol G. McIntyre*